1 | Gary Diaz – In Pro Se
9313 Dorrell Lane
2 | Las Vegas, Nevada 89149

3 |

4 | Attorneys in Pro Se

5 |

6 |

7 | UNITED STATES DISTRICT COURT

8 | NEVADA DISTRICT COURT

9 |

10 | GARY DIAZ,                                    ) CASE NO.
                                                  )
11 |                          Plaintiff,          ) COMPLAINT FOR:
                                                  )
12 | vs.                                          ) 1. Wrongful Foreclosure
                                                  ) 2. Fraud
13 | WELLS FARGO BANK, N.A.; DOE 1;               ) 3. Quiet Title
     STRUCTURED ASSETS SECURTIES                  ) 4. Declaratory Relief
14 | CORPORATION; STRUCTURED                      )
     ADJUSTABLE RATE MORTGAGE                     )
15 | LOAN TRUST, MORTGAGE PASS-                   )
     THROUGH CERTIFICATE SERIES                   )
16 | 2005-4; HSBC BANK USA, N.A.;                 )       2:12-cv-00850-GMN -CWH
     MORTGAGE ELECTRONIA                          )
17 | RECORDATION SERVICES ("MERS");              )
     WELLS FARGO BANK, N.A.; AND ALL             )
18 | PERSONS CLAIMING BY, THROUGH                 )
     OR UNDER SUCH PERSON, ALL                    )
19 | PERSONS UNKNOWN, CLAIMING                     )
     ANY LEGAL OR EQUITABLE TITLE,               )
20 | ESTATE, LIEN OR INTEREST IN THE             )
     PROPERTY DESCRIBED IN THE                    )
21 | COMPLAINT ADVERSE TO                         )
     PLAINTIFFS TITLE THERETO;  And              )
22 | DOES 1 to 20, Inclusive,                     )
                                                  )
23 |                          Defendants.         )
                                                  )
24 | ———————————————————————

25 |         COMES NOW the Plaintiff, GARY DIAZ ("Plaintiff"), complaining against the

26 | Defendants, and each of them, as follows:

27 |                          **INTRODUCTION**

28 |     1.       This is an action brought by Plaintiff for declaratory judgment, injunctive

**COMPLAINT FOR DAMAGES**
1

1    and equitable relief, and for compensatory, special, general and punitive damages.

2        2.    Plaintiff, disputes the title and ownership of the real property located at

3    9313 Dorrell Lane – Las Vegas, Nevada 89149 (the "property"), which is the subject

4    of this action, in that the originating mortgage lender, and others alleged to have

5    ownership, have unlawfully sold, assigned and/or transferred their ownership and

6    security interest in a Promissory Note and Deed of Trust related to the Property, and,

7    thus, do not have lawful ownership or a security interest in Plaintiff's Home which is

8    described in detail herein.

9        3.    Plaintiff alleges that Defendants, and each of them, cannot show proper

10   receipt, possession, transfer, negotiations, assignment and ownership of the

11   borrower's original Promissory Note and Deed of Trust, resulting in imperfect

12   security interests and claims.

13       4.    Plaintiff further alleges that Defendants, and each of them, cannot

14   establish possession and proper transfer and/or endorsement of the Promissory Note

15   and proper assignment of the Deed of Trust herein; therefore, none of the Defendants

16   have perfected any claim of title or security interest in the Property.  Defendants, and

17   each of them, do not have the ability to establish that the mortgages that secure the

18   indebtedness, or Note, were legally or properly acquired.

19       5.    Plaintiff alleges that an actual controversy has arisen and now exists

20   between the Plaintiff and Defendants, and each of them.  Plaintiff desires a judicial

21   determination and declaration of its rights with regard to the Property and the

22   corresponding Promissory Note and Deed of Trust.

23       6.    Plaintiff also seeks redress from Defendants identified herein below for

24   damages, for other injunctive relief, and for cancellation of written instruments based

25   upon:

26           a.    An invalid and unperfected security interest in Plaintiff's Home

27   hereinafter described;

28           b.    Void "True Sale(s)" violating New York law and express terms of

1 | the Pooling and Servicing Agreement ("PSA") governing the securitization of
2 | Plaintiff's mortgage, which is a Trust Agreement required to be filed under penalty of
3 | perjury with the United States Securities and Exchange Commission ("SEC") and
4 | which, along with another document, the Mortgage Loan Purchase Agreement
5 | ("MLPA"), is the operative securitization document created by the finance and
6 | securitization industry to memorialize securitization transactions (see further
7 | discussion of the PSA herein);

8 |         c.      An incomplete and ineffectual perfection of a security interest in
9 | Plaintiff's Home;

10 |         d.      A void or voidable Deed of Trust due to improper securitization,
11 | for which there is a reasonable apprehension that, if left outstanding, will cause a
12 | serious injury to Plaintiff's title interests.

13 |
14 |                            **THE PARTIES**

15 |     7.      Plaintiff is now and at all relevant times to this action, a resident of the
16 | County of Clark, State of Nevada.

17 |     8.      Plaintiff is further informed and believes, and thereon alleges, that
18 | WELLS FARGO BANK, N.A., is the Originator of the loan and/or purported
19 | participant in the imperfect securitization of the Note (incorporated by reference
20 | herein) and/or Deed of Trust, (incorporated by reference herein), as more particularly
21 | described in this Complaint.

22 |     9.      Plaintiff is further informed and believes and thereon alleges that
23 | Defendant WELLS FARGO BANK, N.A. is the present purported Master Servicer of
24 | the mortgage herein and/or is a purported participant in the imperfect securitization of
25 | the Note (incorporated by reference herein) and/or the Deed of Trust, (incorporated
26 | by reference herein), as more particularly described in this Complaint.

27 |     10.     Plaintiff is informed and believes, and thereon alleges that
28 | STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST, MORTGAGE

PASS-THROUGH CERTIFICATE SERIES 2005-4 is a Real Estate Mortgage Investment Conduit ("REMIC") Trust. Plaintiff is further informed and believes that HSBC BANK USA, N.A. is the purported Trustee for STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2005-4 the REMIC Trust and/or a purported participant in the imperfect securitization of the Note and/or the Deed of Trust as more particularly described in this Complaint.

11.   Plaintiff is further informed and believes, and thereon alleges, that Defendant MERS is the purported Beneficiary under the Deed of Trust or mortgage associated with Plaintiff's Note and/or is a purported participant in the imperfect securitization of the Note and/or the Deed of Trust, as more particularly described in this Complaint.

12.   At all times relevant to this action, Plaintiff has owned the Property located at 9313 Dorrell Lane – Las Vegas, Nevada 89149 (the "Property").

13.   Plaintiff does not know the true names, capacities, or basis for liability of Defendants sued herein as Does 1 through 100, inclusive, as each fictitiously named Defendant is in some manner liable to Plaintiff, or claims some right, title, or interest in the Property. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and therefore alleges, that at all relevant times mentioned in this Complaint, each of the fictitiously named Defendants are responsible in some manner for the injuries and damages to Plaintiff so alleged and that such injuries and damages were proximately caused by such Defendants, and each of them.

14.   Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of the Defendants were the agents, employees, servants and/or the joint-venturers of the remaining Defendants, and each of them, and in doing the things alleged herein below, were acting within the course and scope of such agency, employment and/or joint venture.

## JURISDICTION

15.    The transaction and events which are the subject matter of this Complaint all occurred within the County of Clark, State of Nevada.

16.    Plaintiff's property is located at 9313 Dorrell Lane – Las Vegas, Nevada 89149 (the "property"). The Property is located within the County of Clark, State of Nevada.

17.    The court has jurisdiction under 28 U.S.C. §1331 (federal question); 15 U.S.C. §1601, et seq (TILA); 15 U.S.C. §1692, Fair Debt Collection Practices Act; 12 U.S.C §2601 (RESPA); 28 U.S.C §1367 (Supplemental Jurisdiction) and the Home Ownership and Equity Protection Act ("HOEPA") 12 U.S.C. §1461 et seq.

18.    This court also has jurisdiction under all applicable federal jurisdiction involving financial institutions involved in the mortgage fraud area such as the Mortgage Fraud Act under 18 U.S.C §1006 (2007).

## FACTUAL ALLEGATIONS

19.    Plaintiff is also informed and believes and thereon alleges that at all times mentioned herein any assignment of the Deed of Trust without proper transfer of the obligation that securitization is a legal nullity.

20.    Plaintiff, therefore, alleges, upon information and belief, that none of the parties to neither the securitization transaction, nor any of the Defendants in this case, hold a perfected and secured claim in the Property; and that all Defendants are estopped and precluded from asserting an unsecured claim against Plaintiff's estate.

21.    Plaintiff disputes the title and ownership of the real property in question (the "Property"), which is the subject of this action, in that the originating mortgage lender, WELLS FARGO BANK, N.A. sold, assigned and/or transferred its ownership interest in the Promissory Note ("Note") related to the Property to DOE 1 at or about the time the original Note was executed by Plaintiff. Thereafter, DOE 1 sold the Note to STRUCTURED ASSETS SECURTIES CORPORATION. Finally, the Note was

sold to the STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2005-4 the "Trust") with HSBC BANK USA, N.A. acting as Trustee of the Trust on behalf of the Certificate Holders for that trust. However, WELLS FARGO BANK, N.A. did not assign the Deed of Trust to DOE 1 STRUCTURED ASSETS SECURTIES CORPORATION or STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2005-4 as part of the sale of the underlying Note. Furthermore, WELLS FARGO BANK, N.A. never assigned the beneficial ownership of the Deed of Trust to any party. As a result of the transfer and assignment of the Note from WELLS FARGO BANK, N.A. to the other parties listed above, the security interest in Plaintiff's property known as the Deed of Trust and or mortgage was terminated as described in detail herein.

22.   Plaintiff alleges that STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2005-4 is the last known "owner" of the Promissory Note executed by the Plaintiff based upon the above referenced sale.

23.   Despite the sale of the Note to STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2005-4 WELLS FARGO BANK, N.A. failed to transfer the physical Note to STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2005-4 or to provide said Note to STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2005-4 in bearer form. Therefore, Plaintiff alleges that the Defendants, and each of them, cannot show proper receipt, possession, transfer, assignment and/or ownership of the Plaintiff's original Promissory Note and Deed of Trust, resulting in imperfect security interest and claims against Plaintiff's title.

24.   Plaintiff further alleges that Defendant WELLS FARGO BANK, N.A.

1  and each of them, cannot establish possession and/or proper transfer and/or
2  endorsement of the Promissory Note and proper assignment of the Deed of Trust
3  herein either to STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN
4  TRUST, MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2005-4 or to any
5  prior owners of the subject Promissory Note in the chain of title; therefore, none of the
6  Defendants have perfected any claim of title or security interest in the property.
7  Defendants and each of them do not have the ability to establish that the Deed of Trust
8  or mortgage that secured the Note were legally or properly acquired by Defendants.

9     25.   Plaintiff further alleges that Defendant STRUCTURED ADJUSTABLE
10  RATE   MORTGAGE   LOAN   TRUST,   MORTGAGE   PASS-THROUGH
11  CERTIFICATE SERIES 2005-4 may have sold the subject Note to a third party
12  and/or additional parties thereby further distancing the ownership of the subject Note
13  from WELLS FARGO BANK, N.A.. Furthermore, the sale of the Note by WELLS
14  FARGO BANK, N.A. to at least two intermediary parties [DOE 1 and
15  STRUCTURED ASSETS SECURTIES CORPORATION] prior to the sale of same
16  Note to STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST,
17  MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2005-4 renders the current
18  Deed of Trust/mortgage securing the original loan invalid.

19     26.   Plaintiff further alleges that the Deed of Trust is legally void in that the
20  original beneficiary of that Deed of Trust, the lender on the originating Note, has been
21  paid in full. In fact, WELLS FARGO BANK, N.A., originated the underlying loan for
22  Plaintiff's property and immediately sold the loan Note to DOE 1. As a result of that
23  sale, the original loan was actually paid off. This pay off of the underlying original
24  Note entered into by and between Plaintiff and WELLS FARGO BANK, N.A.,
25  renders the current Deed of Trust null and void.

26     27.   Plaintiff alleges that an actual controversy has arisen and now exists
27  between Plaintiff and Defendants, and each of them.   Plaintiff desires judicial
28  determination and declaration of its rights with regard to the property and the

1  corresponding Promissory Note and Deed of Trust.

2      28.    Plaintiff seeks redress from Defendants identified herein below for
3  damages, for other injunctive relief, and for cancellation or nullification of the Deeds
4  of Trust and/or liens or mortgages on title based upon:

5          (a)    After originating the loan, WELLS FARGO BANK, N.A. sold
6  Plaintiff's Note to DOE 1 and does not own the Note originally signed by the
7  Plaintiff;

8          (b)    Thereafter, DOE 1 sold the Note to STRUCTURED ASSETS
9  SECURTIES CORPORATION.

10         (c)    After the sale of the Promissory Note to STRUCTURED ASSETS
11  SECURTIES CORPORATION, neither WELLS FARGO BANK, N.A. nor DOE 1
12  retained any interest in the subject Note. Therefore, the Deed of Trust/mortgage
13  became invalid;

14         (d)    After the sale of the Note to DOE 1, WELLS FARGO BANK,
15  N.A. retained ownership of the Note due to the fact that the Note was never legally
16  transferred to DOE 1 or to any other legal entity due to the negligent handling of the
17  Note in question.

18         (e)    Neither STRUCTURED ADJUSTABLE RATE MORTGAGE
19  LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2005-4
20  nor any other party to this transaction has legal ownership of the Note due to the fact
21  that STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST,
22  MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2005-4 never received an
23  endorsed assignment of the Note from WELLS FARGO BANK, N.A. or ever took
24  legal possession of the Note;

25         (f)    Plaintiff further alleges that the original Deed of Trust that secured
26  the Promissory Note listed MERS as the beneficiary and DOE 2 as the original
27  Trustee.

28         (g)    Plaintiff alleges that when WELLS FARGO BANK, N.A. sold the

1 | Note to DOE 1 the original Note was separated from the Deed of Trust or mortgage.
2 | As a result of this separation, neither the Deed of Trust or mortgage no longer secures
3 | the original Note.

4 |        (h)    Plaintiff alleges that MERS does not have the legal right to
5 | substitute in a new Trustee for the Deed of Trust or mortgage instrument since only
6 | the owner of the Note has that power.   Plaintiff alleges that MERS has never been
7 | given any written instructions by the current owners of the Note to substitute out the
8 | original Trustee in favor of a substitute Trustee of the Deed of Trust.

9 |        (i)    Plaintiff alleges that MERS does not have the legal right to transfer
10 | the Deed of Trust or mortgage instrument due to the fact that MERS does not own the
11 | Note and therefore cannot legally convey title of the Deed of Trust or mortgage
12 | instrument to a third party. In addition, only the Trustee of the Deed of Trust has the
13 | power and authority to assign the legal ownership of the Deed of Trust to a third party.
14 | MERS has never been appointed the Trustee of the Deed of Trust.

15 |     29.    Plaintiff alleges that neither DOE 1, STRUCTURED ASSETS
16 | SECURTIES CORPORATION or any other party has any legal ownership of the
17 | Deed of Trust or mortgage instrument based upon the fact that WELLS FARGO
18 | BANK, N.A. never assigned the Deed of Trust or mortgage to STRUCTURED
19 | ADJUSTABLE RATE MORTGAGE LOAN TRUST, MORTGAGE PASS-
20 | THROUGH CERTIFICATE SERIES 2005-4 or in any manner attempted to transfer
21 | ownership of the Deed of Trust or mortgage to any party. Therefore, the beneficiary
22 | of the Deed of Trust has no legal relationship to either WELLS FARGO BANK, N.A.,
23 | DOE 1, STRUCTURED ASSETS SECURTIES CORPORATION or STRUCTURED
24 | ADJUSTABLE RATE MORTGAGE LOAN TRUST, MORTGAGE PASS-
25 | THROUGH CERTIFICATE SERIES 2005-4 the alleged current owner of the Note.

26 |     30.    After WELLS FARGO BANK, N.A. sold the Note, the Note became
27 | separated from the Deed of Trust or mortgage instrument.   Due to the separation of
28 | ownership of this Note after sale by WELLS FARGO BANK, N.A. to DOE 1, the

1  beneficiary of the Deed of Trust no longer had any legal relationship with the Note.
2  Therefore, neither the original beneficiary of the Deed of Trust nor any purported
3  assignees of the Deed of Trust to any other parties have the legal right to foreclose on
4  the property. Any such foreclosure violates both state and federal law due to the fact
5  that only the owner of the Note can legally foreclose or instruct a third party to
6  foreclose upon a Deed of Trust and/or mortgage.

7       31.   Plaintiff further alleges that the original beneficiary of the Deed of Trust
8  or mortgage instrument, MERS is not legally entitled to transact any business in the
9  State of Nevada or any other state since it is no longer a valid legal entity having
10 changed or amended its corporate name to MERSCORP, Inc. on or about May 12,
11 2003. Plaintiff alleges that this amendment requires MERS to transact all business as
12 MERSCORP after 2004. Any and all legal actions taken by MERS after 2004 are
13 legally void. The State of Nevada states that MERS is no longer registered to do
14 business in this state. Therefore, it cannot assign legal interests or in any way
15 participate in the foreclosure of any properties.

16      32.   Plaintiff is informed and believes, and thereon alleges, that this loan was
17 securitized, with the Note not being properly transferred to Defendant, HSBC BANK
18 USA, N.A. acting as the Trustee for the Securitized Trust. As set forth herein above,
19 the Securitized Trust was formed by execution of a "Pooling and Serving Agreement"
20 (PSA).

21      33.   Plaintiff is informed and believes, and thereon alleges, that the purchase
22 mortgage on the Property, the debt or obligation evidenced by the Note and the Deed
23 of Trust executed by Plaintiff in favor of the original lender and other Defendants,
24 regarding the Property, was not properly assigned and transferred to Defendants
25 operating the pooled mortgage funds or trusts in accordance with the PSA of the
26 entities making and receiving the purported assignments to this trust.

27      34    Plaintiff alleges that the PSA requires that each Note or Deed of Trust
28 had to be endorsed and assigned, respectively, to the trust and executed by multiple

1  intervening parties before it reached the Trust. Here, neither the Note nor the Deed of
2  Trust was assigned to the Securitized Trust by the closing date. Therefore, under the
3  PSA, any assignments of the Deed of Trust beyond the specified closing date for the
4  Trust are void.

5      35    Plaintiff further alleges that even if the Deed of Trust had been
6  transferred into the Trust by the closing date, the transaction is still void as the Note
7  would not have been transferred according to the requirements of the PSA, since the
8  PSA requires a complete and unbroken chain of transfers and assignments to and from
9  each intervening party.  Documents filed with the SEC by the securitization
10  participants allegedly claim that the Note and Deed of Trust at issue in this case were
11  sold, transferred and securitized by Defendants, with other loans and mortgages with
12  an aggregate principal balance in excess of $100,000,000 into STRUCTURED
13  ADJUSTABLE RATE MORTGAGE LOAN TRUST, MORTGAGE PASS-
14  THROUGH CERTIFICATE SERIES 2005-4 which is a Common Law Trust formed
15  pursuant to New York law. A copy of the Prospectus Supplement can be found at the
16  site indicated below.

17      36.    Plaintiff is informed and believes, and thereon alleges, that
18  STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST, MORTGAGE
19  PASS-THROUGH CERTIFICATE SERIES 2005-4 had no officers or directors and
20  no continuing duties other than to hold assets and to issue the series of certificates of
21  investment as described in the Prospectus identified herein below.  A detailed
22  description of the mortgage loans which form STRUCTURED ADJUSTABLE RATE
23  MORTGAGE LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATE
24  SERIES 2005-4 is included in Form 424B5 ("the Prospectus"), which has been duly
25  filed with the SEC and which can be accessed through the below mentioned footnote.[1]

26      37.    Plaintiff also alleges that the Note was secured by the Deed of Trust or
27  mortgage. Plaintiff alleges that as of the date of the filing of this Complaint, neither
28

1  http://www.sec.gov/Archives/edgar/data/815018/000116231807000567/m0565424b5.htm

1  the Deed of Trust or mortgage had not been legally assigned to any other party or
2  entity.

3      39.   Plaintiff is informed and believes, that Defendant HSBC BANK USA,
4  N.A., alleges that it is the "holder and owner" of the Note and the beneficiary of the
5  Deed of Trust.  However, the Note and Deed of Trust identify the mortgagee and note
6  holder as the original lending institution or Mortgage Originator.   Documents
7  registered with the Securities and Exchange Commission (SEC) state that the original
8  lender allegedly sold the mortgage loan to DOE 1 which sold the note to
9  STRUCTURED ASSETS SECURTIES CORPORATION. Finally, STRUCTURED
10  ADJUSTABLE RATE MORTGAGE LOAN TRUST, MORTGAGE PASS-
11  THROUGH CERTIFICATE SERIES 2005-4, the securitized REMIC Trust purchased
12  the Note.

13      40.   Plaintiff further alleges that no documents or records can be produced
14  that demonstrate that prior to the closing date for the purchase of the Note by
15  STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST, MORTGAGE
16  PASS-THROUGH CERTIFICATE SERIES 2005-4, the Note was duly endorsed,
17  transferred and delivered to STRUCTURED ADJUSTABLE RATE MORTGAGE
18  LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2005-4,
19  including all intervening transfers.  Nor can any documents or records be produced
20  that demonstrate that prior to the closing date, the Deed of Trust was duly assigned,
21  transferred and delivered to STRUCTURED ADJUSTABLE RATE MORTGAGE
22  LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2005-4,
23  including all intervening assignments.

24      41.   Plaintiff further alleges that any documents that purport to transfer any
25  interest in the Note to STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN
26  TRUST, MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2005-4 after the
27  Trust closing date are void as a matter of law, pursuant to New York trust law and
28  relevant portions of the PSA.

42.     The link to the SEC and the various documents filed with the SEC regarding the Note are: SEC Website: http://www.sec.gov.

43.     Plaintiff is further informed and believes, and thereon alleges, that the purported assignments and transfers of Plaintiff's debt or obligation did not comply with New York law, and/or other laws and statutes, and, thus, do not constitute valid and enforceable "True Sales." Any security interest in the Property was, thus, never perfected. The alleged holder of the Note is not the beneficiary of the Deed of Trust. The alleged beneficiary of Plaintiff's Deed of Trust does not have the requisite title, perfected security interest or standing to proceed; and/or is not the real party in interest with regard to any action taken or to be taken against the Property.

44.     Plaintiff is also informed and believes, and thereon alleges, that at all times herein mentioned, and any assignment of a Deed of Trust without proper transfer of the obligation that it secures is a legal nullity.

45.     As set forth hereinabove, Defendants, and each of them, violated the express terms of the PSA which is a Trust Agreement and which, along with another document, the Mortgage Loan Purchase Agreement, is the operative securitization document created by the finance and securitization industry to memorialize a particular securitization transaction. The PSA specifies the rights and obligations of each party to the securitization transaction to each other, and is a public document on file with the SEC. More specifically, the PSA requires strict compliance with its procedures and timelines in order for the parties to achieve their specific objectives.

46.     Securitization is the process whereby mortgage loans are turned into securities, or bonds, and sold to investors by Wall Street and other firms. The purpose is to provide a large supply of money to lenders for originating loans, and to provide investments to bond holders which were expected to be relatively safe. The procedure for selling of the loans was to create a situation whereby certain tax laws known as the Real Estate Mortgage Investment Conduit (hereinafter "REMIC") Act were observed, and whereby the Issuing Entities and the Lenders would be protected from either

1   entity going into bankruptcy.   In order to achieve the desired "bankruptcy

2   remoteness," two "True Sales" of the loans had to occur, in which loans were sold and

3   transferred to the different parties to the securitization.

4        47.   A "True Sale" of the loan would be a circumstance whereby one party

5   owned the Note and then sold it to another party.  An offer would be made, accepted

6   and compensation given to the "seller" in return for the Note.  The Notes would be

7   transferred, and the Deeds of Trust assigned to the buyers of the Note, with an

8   Assignment made every step of the way, and, furthermore, each Note would be

9   endorsed to the next party by the previous assignee of record.

10        48.   In order for the Trustee of the Securitized Trust to have a valid and

11   enforceable secured claim against Plaintiff's Home, the Trustee must prove and certify

12   to all parties that, among other things required under the PSA:

13          a.   There was a complete and unbroken chain of endorsements and

14   transfers of the Note from and to each party to the securitization transaction (which

15   should be from the (A) Mortgage Originator to the (B) Sponsor to the (C) Depositor to

16   the (D) Trust, and that all of these endorsements and transfers were completed prior to

17   the Trust closing dates (see discussion below); and

18          b.   The Trustee of the Securitized Trust had actual physical possession

19   of the Note at that point in time, when all endorsements and assignments had been

20   completed. Absent such proof, Plaintiff alleges that the Trust cannot demonstrate that

21   it had perfected its security interest in Plaintiff's Home that is the subject of this

22   action.  Therefore, if the Defendants, and each of them, did not hold and possess the

23   Note on or before the closing date of the Trust herein, they are estopped and precluded

24   from asserting any secured or unsecured claim in this case.

25        49.  Plaintiff is informed and believes, and thereon alleges, that pursuant to the

26   terms of the PSA, the Mortgage Originator (i.e., the original lender herein) agreed to

27   transfer and endorse to the Trustee for the Securitized Trust, without recourse,

28   including all intervening transfers and assignments, all of its right, title and interest in

1    and to the mortgage loan (Note) of Plaintiff herein and all other mortgage loans
2    identified in the PSA.

3         50.    Plaintiff is further informed and believes, and thereon alleges, that the
4    PSA provides that the transfers and assignments are absolute, were made for valuable
5    consideration, to wit, in exchange for the certificates described in the PSA, and were
6    intended by the parties to be a bona fide or "True Sale."   Since, as alleged herein
7    below, True Sales did not actually occur, Plaintiff alleges that the Defendant Trustees
8    are estopped and precluded from asserting any secured or unsecured claim in this case.

9         51.    Plaintiff is further informed and believes, and thereon alleges, that as a
10   result of the PSA and other documents signed under oath in relation thereto, the
11   Mortgage Originator, WELLS FARGO BANK, N.A., the "Sponsor" DOE 1 and the
12   "Depositor" STRUCTURED ASSETS SECURTIES CORPORATION are estopped
13   from claiming any interest in the Note that is allegedly secured by the Deed of Trust
14   on Plaintiff's Home herein.

15        52.    Plaintiff is informed and believes, and thereon alleges, that pursuant to
16   the terms of the PSA, the Mortgage Originator (i.e., the original lender herein) agreed
17   to transfer and endorse to the Trustee for the Securitized Trust, without recourse,
18   including all intervening transfers and assignments, all of its right, title and interest in
19   and to the mortgage loan (Note) of Plaintiff herein and all other mortgage loans
20   identified in the PSA.

21        53.    Plaintiff is informed and believes, and thereon alleges, that the Note in
22   this case and the other mortgage loans identified in the PSA, were never actually
23   transferred and delivered by the Mortgage Originator to the Sponsor or to the
24   Depositor nor from the Depositor to the Trustee for the Securitized Trust.  Plaintiff
25   further alleges, on information and belief, that the PSA herein provides that the
26   Mortgage Files of the Mortgages were to be delivered to STRUCTURED
27   ADJUSTABLE RATE MORTGAGE LOAN TRUST, MORTGAGE PASS-
28   THROUGH CERTIFICATE SERIES 2005-4, which Mortgage Files include the

1 | original Deeds of Trust, herein.

2 |     54.    Based upon the foregoing, Plaintiff is further informed and believes, and
3 | thereon alleges, that the following deficiencies exist, in the "True Sale" and
4 | securitization process as to this Deed of Trust which renders invalid any security
5 | interest in the Plaintiff's mortgage, including, but not limited to:

6 |     a.    The splitting or separation of title, ownership and interest in
7 | Plaintiff's Note and Deed of Trust of which the original lender is the holder, owner
8 | and beneficiary of Plaintiff's Deed of Trust;

9 |     b.    When the loan was sold to each intervening entity, there were no
10 | Assignments of the Deed of Trust to or from any intervening entity at the time of the
11 | sale. Therefore, "True Sales" could not and did not occur;

12 |     c.    The failure to assign and transfer the beneficial interest in
13 | Plaintiff's Deed of Trust to HSBC BANK USA, N.A., in accordance with the PSA of
14 | the Defendants, as Securitization Participants;

15 |     d.    The failure to endorse, assign and transfer Plaintiff's Note and/or
16 | mortgage to Defendant HSBC BANK USA, N.A., as Trustee for STRUCTURED
17 | ADJUSTABLE RATE MORTGAGE LOAN TRUST, MORTGAGE PASS-
18 | THROUGH CERTIFICATE SERIES 2005-4, in accordance with the PSA;

19 |     e.    No Assignments of Beneficiary or Endorsements of the Note to
20 | each of the intervening entities in the transaction ever occurred, which is conclusive
21 | proof that no true sales occurred as required under the PSA filed with the SEC; and

22 |     f.    Defendants, and each of them, violated the pertinent terms of the
23 | PSA.

24 |     55.    Plaintiff, therefore, alleges, upon information and belief, that none of the
25 | parties to neither the securitization transaction, nor any of the Defendants in this case,
26 | hold a perfected and secured claim in the Property; and that all Defendants are
27 | estopped and precluded from asserting an unsecured claim against Plaintiff's estate.
28 | ////

## FIRST CAUSE OF ACTION

## WRONGFUL FORECLOSURE

## (AGAINST ALL DEFENDANTS)

56.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

57.    An actual controversy has arisen and now exists between Plaintiff and Defendants specified hereinabove, regarding their respective rights and duties, in that Plaintiff contends that Defendants, and each of them, do not have the right to foreclose on the Property because none of the Defendants and each of them, do not own the Note of have any legal relationship to the Note despite the fact that STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2005-4 purchased the Note from the Depositor, STRUCTURED ASSETS SECURTIES CORPORATION.  Thus, the purported power of sale as specified by the Deed of Trust and/or Mortgage in the underlying case no longer applies.  Without the ownership of the Note, the beneficiary of the Deed of Trust or Mortgage cannot foreclose.  Plaintiff further contends that the above specified Defendants, and each of them, do not have the right to foreclose on the Property because said Defendants, and each of them, do not own the Note executed by Plaintiff originally.

58.    Plaintiff is informed and believes and there upon alleges that the only individual entity which may have standing to foreclose is STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2005-4.  Based upon the general business plan operation of STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2005-4, all Notes were packaged and sold to Real Estate Mortgage Investment Conduit ("REMIC") Trusts such STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2005-4.  Each REMIC

1   Trust purchased insurance to cover the risk of default. Plaintiff alleges that the Note

2   in question was paid off upon Plaintiff's default in payments as defined by the PSA,

3   STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST, MORTGAGE

4   PASS-THROUGH CERTIFICATE SERIES 2005-4 applied for payment through Doe

5   1 insurance carrier and received payment for the entire past due principal and interest

6   due on Plaintiff's Note. Furthermore, the originator of the loan, WELLS FARGO

7   BANK, N.A. as well as STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN

8   TRUST, MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2005-4 are no

9   longer in existence or doing business. In fact, Plaintiff alleges that all parties who

10   have participated in the origination of or sale and purchase of the Note have ceased

11   business operations or have filed for bankruptcy protection. Plaintiff further alleges

12   that STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST,

13   MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2005-4 ceased doing

14   business when its existence was terminated by the sale or pay off of all loans it

15   purchased through the securitization process.

16         59.   Plaintiff requests that this Court find that the purported power of sale

17   contained in the Note and Deed of Trust has no force and effect at this time, because

18   Defendants' have no legal right to foreclose under federal or state law. In addition,

19   the Deed of Trust no longer has any validity and cannot be used for foreclosure after

20   WELLS FARGO BANK, N.A. sold the loan to DOE 1. Once the original loan was

21   paid in full the Deed of Trust became legally invalid. Similarly, when default

22   insurance provided by Doe 1 paid STRUCTURED ADJUSTABLE RATE

23   MORTGAGE LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATE

24   SERIES 2005-4 the entire balance of principal and interest owed by Plaintiff, the

25   entire loan obligation disappeared. No party to this action can enforce a Note that has

26   been paid off by default insurance as alleged in this complaint.

27         60.   Since the creation of Plaintiff's Note herein and Deed of Trust,

28   Defendant MERS was named the "beneficiary" of the Deed of Trust.

61.     Plaintiff are informed and believes, and thereon alleges, that Defendant MERS lacks the authority under its corporate charter to foreclose a mortgage, or to own or transfer an interest in a securitized mortgage because MERS charter limits MERS powers and duties to function as an electronic registration system of certain types of securities.

62.     Plaintiff is informed and believes, and thereon alleges, that in order to conduct a foreclosure action, a person or entity must have standing. Pursuant to the Deed of Trust only the lender has the power to exercise the power of sale. No other party has standing to foreclose upon Plaintiff's Note.

63.     Plaintiff is informed and believes, and thereon alleges, that pursuant to state law, to perfect the transfer of mortgage paper as collateral, the owner should physically deliver the note to the transferee. Without physical transfer, the sale of the note is invalid as a fraudulent conveyance or as unperfected.

64.     The Note in this action identifies the entity to whom it was payable, the original lender WELLS FARGO BANK, N.A. That lender was paid in full by DOE 1 when that entity bought the Note from WELLS FARGO BANK, N.A. Therefore, the Note was originally paid in full by DOE 1 and later by Doe 1 insurance carrier after STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2005-4 made an application under its insurance policy for full payment of principal and interest of Plaintiff's loan after Plaintiff defaulted on his mortgage obligations. After STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2005-4 was paid the entire balance of the Note by Doe 1 the Note had been paid in full and no obligation is currently owed by Plaintiff.

64.     Defendants, and each of them, cannot produce any evidence that the Promissory Note has been transferred to any party. Furthermore, Defendants and each of them cannot produce any evidence that they have any legal contractual rights

1  to the current Note holder, STRUCTURED ADJUSTABLE RATE MORTGAGE

2  LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2005-4.

3  Therefore, Defendant, MERS can only transfer whatever interest it had in the Deed of

4  Trust. MERS is not the lender and MERS is not the owner of the underlying security.

5  MERS is merely been set up a conduit to assist in the transfer of ownership of the

6  Deed of Trust to subsequent purchasers of the Note.  Currently, MERS has no

7  contractual relationship to the owner of the Note. The Promissory Note and Deed of

8  Trust are inseparable: an assignment of the Note to DOE 1 and any other later

9  assignment to other parties including STRUCTURED ADJUSTABLE RATE

10 MORTGAGE LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATE

11 SERIES 2005-4 through the sale from WELLS FARGO BANK, N.A. invalidates any

12 transactions taken by MERS as a beneficiary of the Deed of Trust due to the fact that

13 MERS has never received any instruction from STRUCTURED ADJUSTABLE

14 RATE    MORTGAGE    LOAN    TRUST,    MORTGAGE    PASS-THROUGH

15 CERTIFICATE SERIES 2005-4 to foreclose upon the Note. In addition, neither have

16 ever entered into any contractual relationship with MERS which has authorized

17 MERS to perform any legal act.

18      65.    Defendant MERS has failed to submit documents authorizing MERS as

19 nominee for the original lender, to assign the subject mortgage to any party.  Hence,

20 MERS lacks authority as a mere nominee to assign Plaintiff's mortgage, making the

21 assignment of the Deed of Trust to any party null and void.  Furthermore, MERS has

22 never recorded with the local County Recorder's Office any notice of any alleged and

23 defective assignment of any interest in the Deed of Trust or mortgage to any third

24 parties in violation of state and federal law.

25      66.    In the instant action, MERS as the nominee not only lacks authority to

26 assign the mortgage, but cannot demonstrate that WELLS FARGO BANK, N.A. or

27 STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST, MORTGAGE

28 PASS-THROUGH CERTIFICATE SERIES 2005-4 had knowledge of or consented

1    to the assignment by MERS of the Deed of Trust.  In fact, the Deed of Trust states

2    that only the Lender beneficiary can foreclose.  In every case involving MERS,

3    MERS is not the beneficiary of the loan or the owner of the Note.  Therefore, MERS

4    cannot participate or assign to any third party the ability to foreclose based upon the

5    Deed of Trust or Mortgage.

6          67.    The attempt by MERS to transfer the beneficial interest of a trust deed

7    without actual ownership of the underlying Note is void under law.  Therefore,

8    Defendant, MERS cannot establish that it is entitled to foreclose or assign the

9    foreclosure practice to any third party.  For this reason, as well as the other reasons set

10   forth herein below, MERS cannot transfer an interest in real property, and could not

11   foreclose upon Plaintiff's property.  Furthermore, no entity or company assigned by

12   MERS has the rights under the Deed of Trust to foreclose since MERS has no power

13   to properly assign the Deed of Trust or Mortgage without ownership of the Note.

14         68.    Defendants, and each of them, through the actions alleged above, have

15   illegally commenced foreclosure under the Note on the Property via a foreclosure

16   action supported by false or fraudulent documents in violation of the Nevada Penal

17   Code.  Neither MERS nor any Trustee appointed by MERS has the legal right to

18   foreclose since none own the Note or had any legal relationship with STRUCTURED

19   ADJUSTABLE  RATE  MORTGAGE  LOAN  TRUST,  MORTGAGE  PASS-

20   THROUGH CERTIFICATE SERIES 2005-4, the last owner of the Note—since paid

21   off by insurance.

22         69.    The wrongful conduct of the above specified Defendants, and each of

23   them, unless restrained and joined by an Order of this Court, will continue to cause

24   great and irreparable harm to Plaintiff.  The Plaintiff will not have the beneficial use

25   and enjoyment their Home and will lose the Property.

26         70.    Plaintiff has no other plain, speedy or adequate remedy and the

27   injunctive relief prayed for below is necessary and appropriate at this time to prevent

28   irreparable loss to Plaintiff. Plaintiff has suffered and will continue to suffer in the

future unless Defendants' wrongful conduct is restrained and enjoined because real property is inherently unique and it will be impossible for Plaintiff to determine the precise amount of damage it will suffer.

### SECOND CAUSE OF ACTION

### FRAUD

### (Against All Defendants and Does 15-30)

71.     Plaintiff re-alleges and incorporates by this reference all preceding paragraphs as though fully set forth herein.

72.     Defendants, specifically Defendant WELLS FARGO BANK, N.A., HSBC BANK USA, N.A., and others intentionally misrepresented to Plaintiff that it was entitled to receive mortgage payments from Plaintiff based upon mortgage statements sent to Plaintiff by WELLS FARGO BANK, N.A. In fact, Defendants were not entitled to receive mortgage payments as WELLS FARGO BANK, N.A. did not have equitable, or actual beneficial interest in the Note or the property.  In addition, WELLS FARGO BANK, N.A. did not have a contractual right to receive those payments under any contractual rights received from STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2005-4. All Defendants knew that the Note in question had been paid off in full as a result of the application for mortgage default insurance by STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2005-4.

73.     All Defendants misrepresented that they are the "holder and owner" of the Note and/or the beneficiary of the Deed of Trust. However, this was not true and was a misrepresentation of material fact. Defendants were attempting to collect on a debt to which they have no legal, equitable or pecuniary interest in.  This type of conduct is outrageous. Defendants are fraudulently foreclosing on a property which they have no monetary or pecuniary interest. No party is entitled to receive mortgage

1  payments from the Plaintiff since the original Note has been paid off at least twice:
2  Once by DOE 1 when it purchased the Note and then again when the Note was paid
3  off by default insurance taken out by STRUCTURED ADJUSTABLE RATE
4  MORTGAGE LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATE
5  SERIES 2005-4.

6      74.   Defendant's failure to disclose the material terms of the transaction
7  between WELLS FARGO BANK, N.A. and DOE 1, STRUCTURED ADJUSTABLE
8  RATE   MORTGAGE   LOAN   TRUST,   MORTGAGE   PASS-THROUGH
9  CERTIFICATE SERIES 2005-4, and STRUCTURED ADJUSTABLE RATE
10 MORTGAGE LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATE
11 SERIES 2005-4 and DOE 1  whereby STRUCTURED ADJUSTABLE RATE
12 MORTGAGE LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATE
13 SERIES 2005-4 bought the Note is a violation of RESPA as well as other federal laws
14 instituted to protect homeowners and provide them with notice of the sale of their
15 loans.  In fact, WELLS FARGO BANK, N.A. has collected more than $50,000.00 in
16 mortgage payments from the Plaintiff despite the fact that the Note in question is
17 owned by STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST,
18 MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2005-4. Neither WELLS
19 FARGO BANK, N.A., HSBC BANK USA, N.A., or any other party can show that
20 that the underlying Note has been assigned to either entity.

21     75.   The material misrepresentations were made by the Defendants with the
22 intent to cause Plaintiff to reasonably rely on the misrepresentation in order to induce
23 the Plaintiff to rely on the misrepresentations and pay mortgage payments to WELLS
24 FARGO BANK, N.A. as well as to other parties.

25     76.   Defendants were aware of the misrepresentations and profited from them.
26     77.   As a direct and proximate result of the misrepresentations and
27 concealment Plaintiff was damaged in an amount to be proven at time of trial.
28     78.   Defendants are guilty of malice, fraud and/or oppression.  Defendants'

1   actions in taking mortgage payments not due to them were malicious and done
2   willfully in conscious disregard of the rights and safety of Plaintiff in that the actions
3   were calculated to injure Plaintiff. As such Plaintiff is entitled to recover, in addition
4   to actual damages, punitive damages to punish Defendants and to deter them from
5   engaging in future misconduct.

6

7                        **THIRD CAUSE OF ACTION:**
8                              **QUIET TITLE**
9    **(As to All Defendants and All Persons Claiming by, through or Under Such**
10        **Person, All Persons Unknown Claiming Any Legal or Equitable Right,**
11      **Title, Estate, Lien or Interest in the Property described in the Complaint**
12           **Adverse to Plaintiff's Title Thereto and DOES 1 through 20)**

13          79.   Plaintiff re-alleges and incorporates by reference all preceding
14   paragraphs as though fully set forth herein.

15          80.   Plaintiff is the owner of the real property located at 9313 Dorrell Lane –
16   Las Vegas, Nevada 89149.

17          81.   The basis of Plaintiff's title is a deed granting the above-described
18   property in fee simple to the Plaintiffs as of the date of purchase of the property.

19          82.   Plaintiff is informed and believes and on such information and belief
20   alleges that the Defendants and each of them, and all persons claiming by, through or
21   under such person, all persons unknown, claiming any legal or equitable title, estate,
22   lien or interest in the property described in the Complaint adverse to Plaintiff's title
23   thereto claim an interest adverse to Plaintiff in the above-described property as
24   adverse interest of the holders of the deed of trust against the subject property. The
25   deed of trust that has been recorded against the title to the subject property was
26   recorded in the official records of the County of Clark, State of Nevada. Similarly the
27   Defendants including MERS and other unknown Defendants, specifically those
28   additionally designated as DOES 1 through 20, inclusive, claim interest in the

1   property adverse to Plaintiff as assignees and successors of Defendants.

2       83.    Plaintiff is seeking to quiet title against the claims of all Defendants
3   including the claims of all possessors of the Note, the possessors of beneficial title
4   and interest of the Deed of Trust recorded against title to the property, the claims of
5   all unknown Defendants whether or not the claim or cloud upon title is known to
6   Plaintiff and the unknown, uncertain, or contingent claim, if any, of any Defendants
7   named herein or otherwise unknown. The claims of Defendants are without any right
8   whatsoever and such Defendants have no right to title, estate, lien, or interest
9   whatsoever in the above-described property or any part thereof.

10      84.    Plaintiff seeks to quiet title as of a date to be determined by this
11  honorable court.

12      85.    Plaintiff is entitled to equitable relief and quiet title by a judicial decree
13  and order declaring Plaintiff to be the title owner of record of the property as to
14  effective date of said cancellation of any Deed of Trust or mortgage recorded against
15  title and quieting Plaintiff's title therein and thereto subject only to such legitimate
16  liens and encumbrances as the court may deem void, and avoiding any liens or
17  encumbrances upon the property created by the Defendants or by their putative
18  predecessors or by any of them. Plaintiff's Note has been paid off. All of Plaintiff's
19  Note obligations have been satisfied.

20

21                          **FOURTH CAUSE OF ACTION**
22                            **DECLARATORY RELIEF**
23                             **(Against All Defendants)**

24      88.    Plaintiff is informed and believes and upon that basis alleges that
25  Defendants dispute Plaintiff's contentions and instead contend the foreclosure sale or
26  attempt to foreclose upon the property was valid or legal.

27      86.    An actual controversy has arisen and now exists between Plaintiff and
28  Defendants concerning their respective rights and duties regarding the Note and Trust

Deed.

87.    Plaintiff contends that pursuant to the transactions between WELLS FARGO BANK, N.A., DOE 1, STRUCTURED ASSETS SECURTIES CORPORATION, and STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2005-4 do not have authority to foreclose upon and sell the subject Property.

89.    Plaintiff therefore requests a judicial determination of the rights, obligations and interest of the parties with regard to the Property, and such determination is necessary and appropriate at this time under the circumstances so that all parties may ascertain and know their rights, obligations and interests with regard to the Property.

90.    Plaintiff requests a determination of the validity of the Trust Deeds utilized to foreclose as well as a judicial determination of whether any Defendant had the legal right to foreclose based upon the Deed of Trust or Mortgage.

91.    Plaintiff requests a determination of the validity of the Notice of Default.

92.    Plaintiff requests a determination of whether any Defendant had authority to foreclose on the Property.

93.    Plaintiff requests a determination of whether a foreclosure sale was valid and whether the title to the property should be returned to Plaintiff free of encumbrance or lien of any Defendant or any other lender claiming ownership of the Note.

### PRAYER FOR RELIEF

WHEREFORE Plaintiff, will ask for the following for each Cause of Action to be awarded:

### FIRST CAUSE OF ACTION

1.    For Compensatory Damages in an amount to be determined by proof at trial;

2.    For Special Damages in an amount to be determined by proof at trial;

3.   For General Damages in an amount to be determined by proof at trial;

4.   For Punitive Damages as allowed by law;

5.   For Restitution as allowed by law;

6.   For Attorney's Fees and Costs of this action;

7.   For Declaratory Relief, including but not limited to the following Decrees of this Court that:

    a.   Plaintiff is the prevailing party;

    b.   The Trustees of the REMIC Trusts have no enforceable secured or unsecured claim against the Property;

    c.   The Sponsor has no enforceable secured or unsecured claim against the Property;

    d.   The Depositor has no enforceable secured or unsecured claim against the Property;

    e.   The Mortgage Originator has no enforceable secured or unsecured claim against the Property;

**SECOND CAUSE OF ACTION**

1.   For Compensatory Damages in an amount to be determined by proof at trial;

2.   For Special Damages in an amount to be determined by proof at trial;

3.   For General Damages in an amount to be determined by proof at trial;

4.   For Punitive Damages as allowed by law;

5.   For Restitution as allowed by law;

**THIRD CAUSE OF ACTION**

1.   For Compensatory Damages in an amount to be determined by proof at trial;

2.   For Special Damages in an amount to be determined by proof at trial;

3.   For General Damages in an amount to be determined by proof at trial;

4.   For Punitive Damages as allowed by law;

5.     For Restitution as allowed by law;

6.     For Attorney's Fees and Costs of this action;

7.     For Declaratory Relief, including but not limited to the following Decrees of this Court that:

     a.     Plaintiff is the prevailing party;

     b.     No Defendant has an enforceable secured or unsecured claim. The Note in question has been paid off in its entirety;

     c.     Neither STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2005-4 nor any other financial institution have an enforceable secured or unsecured claim against the Property.

     e.     All mortgages or Deeds of Trust are hereby deemed void.   The current Trustee of the Deed of Trust in this case should reconvey title of the subject Property to Plaintiff.

**FOURTH CAUSE OF ACTION**

1.     For Compensatory Damages in an amount to be determined by proof at trial;

2.     For Special Damages in an amount to be determined by proof at trial;

3.     For General Damages in an amount to be determined by proof at trial;

4.     For Punitive Damages as allowed by law;

5.     For Restitution as allowed by law;

6.     For Attorney's Fees and Costs of this action;

7.     For Declaratory Relief, including but not limited to the following Decrees of this Court that:

     a.     Plaintiff is the prevailing party;

     b.     No Defendant has the legal right to foreclose on Plaintiff's property;

     c.     No Defendant has an enforceable secured or unsecured claim

1 | against the property;

2 |       d.    The original Deed of Trust is null and void due to the fact that the

3 | Note it was created to secure has been sold to third parties without any assignment of

4 | the Deed of Trust to those parties.

5 |       e.    The assignment of the Deed of Trust by MERS to any party or

6 | legal entity is invalid.

7 |

8 | Dated: _May 1, 2012_

9 |                         By: _____

                                Gary Diaz
                                Plaintiff In Pro Se

## VERIFICATION OF PLAINTIFF

I, Gary Diaz am the Plaintiff in the above-entitled action.  I have read the foregoing complaint and know its contents thereon.  The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

Dated: _May 1, 2012_

By: _____
Gary Diaz
Plaintiff In Pro Se