UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GARY DIAZ,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO BANK, et al,<br><br>　　　　　　Defendants. | Case No. 2:12-cv-00850-MMD-CWH<br><br>ORDER<br><br>(Defs. Wells Fargo and HSBC's Motion to Dismiss – dkt. no. 9) |

## I.　SUMMARY

Before the Court is Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and HSBC Bank USA, N.A.'s ("HSBC") (collectively "Moving Defendants") Motion to Dismiss Plaintiff's Complaint. (Dkt. no. 9.) The Court has also considered Plaintiff Gary Diaz's opposition and Moving Defendants' reply. (Dkt. no. 14, 15.) For the reasons discussed below, the Motion is granted.

## II.　BACKGROUND

This case arises from an alleged wrongful foreclosure. Plaintiffs' Complaint alleges the following facts:

Plaintiff is the owner of the home located at 9313 Dorrell Lane, Las Vegas, Nevada 89149 ("Property") subject to a promissory note and corresponding deed of trust. (Dkt. no. 1 at ¶ 2, 3.) Defendant Wells Fargo was the loan originator. (*Id.* at ¶ 8.) At some point after the loan origination, Wells Fargo and other defendants securitized, sold, assigned, and transferred ownership of the note. (*Id.* at ¶ 21, 25.) Plaintiff defaulted

in payments. (*Id.* at ¶ 58.) However, Plaintiff maintains that the "Note has been paid off" because of the "application for mortgage default insurance." (*Id.* at ¶ 72, 85.) Finally, Plaintiff alleges that he was foreclosed upon, although it is unclear which defendant instituted foreclosure proceedings. (*See generally id.*)

Plaintiff asserts four claims all arising out of the loan and foreclosure: wrongful foreclosure, fraud, quiet title and declaratory relief. Moving Defendants seek to dismiss the Complaint for failure to state a claim.

## III.   DISCUSSION

### A.   Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to rise above the speculative level." *Id.* Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* at 570.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged — but not shown — that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted).  When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.  A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)).  The Court also notes the well-established rule that *pro se* complaints are subject to "less stringent standards than formal pleadings drafted by lawyers" and should be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

### B.  Analysis

Dismissal is proper because the Complaint does not allow the Court to draw a reasonable inference that Plaintiff could sustain recovery under any viable legal theory. Plaintiff's claims are all premised on legal theories expressly rejected by this Court, namely "split the note," "show me the note," "extinguished note," and "sham beneficiary" theories.  This Court and the Ninth Circuit have repeatedly rejected the theory that a party is not entitled to foreclose because the note was split from the deed of trust. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011); *Vega v. CTX Mortgage Co.*, LLC, 761 F. Supp. 2d 1095, 1097-98 (D. Nev. 2011); *Khankhodjaeva v. Saxon Mortgage Servs.*, 2012 WL 214302, at *4 (D. Nev., Jan. 24, 2012); *Parker v. GreenPoint Mortgage Funding Inc.*, 2011 WL 5248171, at *4 (D. Nev., Nov. 1, 2011); *Wittrig v. First Nat'l Bank of Nev.*, 2011 WL 5598321, at *5-6 (D. Nev., Nov. 15, 2011). Similarly, the "show me the note" argument upon which Plaintiff's Complaint is premised has been resoundingly rejected in Nevada. *See, e.g., Ernestberg v. Mortgage Investors Group*, No. 2:08–cv–01304–RCJ–RJJ, 2009 WL 160241, *4–*5 (D.Nev. Jan. 22, 2009).  Likewise, this Court has rejected the argument that a federal bailout, or any other alternative third-party insurance payment, somehow extinguishes a

person's mortgage obligation. *Dyson Fourness v. Mortgage Elec. Registration Sys., Inc.*, No. 3-10-cv-40-ECR-RAM, 2010 WL 5071049 (D. Nev., Dec. 6, 2010).

In light of the cited precedent, dismissing these claims without prejudice would be improper because Plaintiff cannot amend his Complaint to allege facts sufficient to support these allegations. The claims are dismissed with prejudice. Further, each claim fails as a matter of law as well. The Court turns its analysis to each claim in turn.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Moving Defendants' Motion to Dismiss (dkt. no. 9.) is GRANTED. Dismissal shall be with prejudice.

IT IS FURTHER ORDERED that any lis pendens associated with this action is hereby cancelled and extinguished; this cancellation has the same effect as an expungement of the original notice.

The Clerk of the Court is directed to close this case.

DATED THIS 24th day of January, 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

4